*520 OPINION.
Lansdon:
It should be stated at the outset that there is no question concerning the reporting of income by the installment method. The sole issue is that respondent has made inadequate deductions to cover the cost of goods sold; and this, the petitioners allege, arises out of his failure to include as a part of the cost of goods sold, for each of the years on appeal, the values placed upon repossessed merchandise resold in the year of repossession, and which, in each instance, represents the credits to the defaulted purchasers’ accounts to wipe out the unpaid balances.
The partnership’s bookkeeper was the sole witness called by the petitioners, and she merely testified as to the accounting procedure followed in the case of installment sales, which is precisely that outlined in the findings of fact. The revenue agent who examined the partnership books for the years under consideration, upon whose findings and recommendations respondent’s determination is based, testified that because of poor inventories and lack of a proper record of merchandise purchases, he was unable to determine the cost of goods sold by the usual method of adding to the opening inventories the purchases and deducting from the result the closing inventories; and that he accepted as correct the cost of sales as reflected by the total of the daily entries of costs in the day book. If the witness called by the petitioners testified correctly, the revenue agent omitted nothing which could be properly included in the cost of goods sold. In any event, no evidence was offered to show that the cost of goods sold was other than what respondent determined it to be.

Judgment will he entered for the respondent.